IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD SCHOEN,

    Petitioner,                    No. CIV S-05-1973 DFL DAD P

   vs.

D.G. ADAMS, Warden, et al.,

    Respondents.              <u>ORDER</u>

_____/

        On February 6, 2006, the pro se petitioner submitted his traverse to respondents' answer together with a document titled "Motion Requesting Expansion of the Record and Amendment of Petition of Habeas Corpus, and Memorandum of Points and Authorities in Support Thereof."

        Petitioner asserts that "[n]o new issues are being raised requiring exhaustion." (Pet'r's Mot. Requesting Expansion and Amendment at 2.) Petitioner does not set forth or describe the amendment he seeks leave to file, and he has not submitted a proposed amended petition. Petitioner's motion to expand the record is only marginally more specific. Petitioner requests that "a transcript of the proceedings from 1 April 2003 . . . be considered as evidence to substantiate assertions made in his 2254 habeas petition challenging the validity and legality of his state conviction." (<u>Id.</u> at 2.)

1  Petitioner argues that the requested transcript "will affirm Petitioner's contentions
2  that Petitioner was misrepresented by counsel and improperly influenced and coerced during the
3  plea negotiations, resulting in Petitioner's current conviction and life term." (Id.) Petitioner
4  states that, if the court grants his request,

> [a] majority of Petitioner's assertions could be confirmed without equivocation. Essentially: (1). Was Petitioner's trial counsel a vigorous advocate in behalf of Petitioner during the proceedings? (2). Did Petitioner's trial counsel have Petitioner's best interest at heart during the plea negotiations? (3). That trial counsel's performance fell "below an objective standard of reasonableness . . . under prevailing professional norms"; and that there is a reasonable probability that "but for counsel's unprofessional errors the result of the proceeding would have been different". Strickland v. Washington (1984) 466 US 668, 693.
>
> Due to counsel's lack of effective performance the fundamental structure of the proceedings was constitutionally offensive and impacted Petitioner in an extremely detrimental fashion. Said detriment being the resultant life sentence Petitioner is currently serving.

14  (Id. at 2-3.)

15  In the habeas petition filed in this action on September 29, 2005, petitioner's
16  second ground for relief is that trial counsel was ineffective. (Pet. at 6.) Petitioner alleges that
17  defense counsel (a) failed to conduct a full investigation, obtain discovery, and prepare a defense
18  prior to presenting a plea bargain to petitioner, (b) incompetently advised petitioner to waive his
19  right to a preliminary hearing, and (c) violated the duty to maintain petitioner's confidences and
20  secrets. (Id. at 15-18.) The petition contains no allegation that counsel improperly influenced
21  and coerced petitioner during plea negotiations.

22  Petitioner is advised that a federal claim was fairly presented to the state courts
23  only if the petitioner described the operative facts and legal theory upon which his federal claim
24  is based. See Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994). A
25  federal claim is unexhausted if it contains new factual allegations which "fundamentally alter the
26  legal claim already considered by the state courts." Vasquez v. Hillery, 474 U.S. 254, 260

1  (1986).  The introduction of new evidence also violates the fair presentation requirement if it
2  "substantially improves the evidentiary basis" for the petitioner's claims.  <u>Aiken v. Spalding</u>, 841
3  F.2d 881, 883 (9th Cir. 1988).  In the present case, petitioner's proposed new allegation of
4  improper influence and coercion during plea negotiations appears to fundamentally alter the legal
5  claim that was presented to the state courts and improve the evidentiary basis for petitioner's
6  claim of ineffective assistance of counsel.

7        The undersigned will deny petitioner's motion for leave to file an amendment
8  because the proposed amendment is unclear and may constitute an unexhausted ground for relief.
9  No expansion of the record is needed if the proposed expansion is relevant only to a claim not
10 alleged in the petition filed September 29, 2005.  In addition, petitioner has not demonstrated that
11 the transcripts lodged by respondents do not include all of the proceedings that were recorded on
12 April 1, 2003.

13       For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's
14 February 6, 2006 motion requesting expansion of the record and amendment of the petition is
15 denied without prejudice.

16 DATED: August 31, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20 DAD:13
scho1973.mots