IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD SCHOEN,

    Petitioner,                    No. CIV S-05-1973 DFL DAD P

    vs.

D.G. ADAMS, Warden, et al.,

    Respondents.                  ORDER

_____/

        On February 6, 2006, the pro se petitioner filed his traverse to respondents' answer together with a motion requesting expansion of the record and amendment of his petition. The motion was denied because petitioner stated that no new claims were being raised, did not submit a proposed amended petition or describe any proposed amendment, and did not show that the state court record lodged by respondents was incomplete. On September 29, 2006, petitioner filed a document titled "Motion Requesting Leave to Amend; Memorandum of Points & Authorities in Support Thereof; and Amendment to Petition for Writ of Habeas Corpus." In response to this motion, respondents observe that the document is in essence a second traverse to their answer. Respondents also note that petitioner has not submitted an amended pleading.

        A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see Rule 11,

1

1  Fed. R. Governing § 2254 Cases.  After an answer has been served, "a party may amend the
2  party's pleading only by leave of court or by written consent of the adverse party; and leave shall
3  be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The decision to permit or deny a
4  motion for leave to amend after an answer has been filed rests within the sound discretion of the
5  trial court.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-86 (9th Cir. 1987) (citing
6  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).  In deciding whether to grant leave to
7  amend, courts generally consider the following factors:  undue delay, bad faith by the moving
8  party, prejudice to the opposing party, futility of amendment, and whether the party has
9  previously amended his pleadings.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Bonin v.
10 Calderon, 59 F.3d 815, 845 (9th Cir. 1995); DCD Programs, Ltd., 833 F.2d at 186 & n.3.

11         Here, petitioner's pending motion, like his previous motion, merely offers
12 additional argument on a claim already alleged in his petition.  His first motion addressed the
13 claim of ineffective assistance of counsel.  His second motion addresses the claim concerning the
14 terms of his plea bargain.  Petitioner has not proposed an amendment to any claim and has not
15 submitted a proposed amended petition.  Petitioner's assertion that leave to amend will enable
16 him "to properly illustrate all claims" is unpersuasive.  Petitioner's motion to amend will be
17 denied.  The petition filed on September 29, 2005, is now submitted for decision, and no further
18 argument is to be submitted unless requested by the court.

19         For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's
20 September 29, 2006 motion requesting leave to amend is denied.
21 DATED: February 20, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25 DAD:13
   scho1973.mta