IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD SCHOEN,

                    Petitioner,

          vs.

KEN CLARK[1], Warden, California
Substance Abuse Treatment Facility and
State Prison (SATF-CSP), Corcoran,

                    Respondent.

No. 2:05-cv-01973-JKS

MEMORANDUM DECISION

          Petitioner Ronald Schoen, a state prisoner proceeding *pro se*, initiated a petition for

habeas corpus relief under 28 U.S.C. § 2254.  Schoen is currently in the custody of the California

Department of Corrections and Rehabilitation, incarcerated at the California Substance Abuse

Treatment Facility and State Prison in Corcoran, California.  Respondent has answered the

petition.  Petitioner has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

          By an amended information filed April 1, 2003, Schoen was charged with ten counts of

aggravated sexual abuse of a minor (Cal. Penal Code § 269(a)(1)), ten counts of forcible lewd act

with a minor (Cal. Penal Code § 288(b)(1)), and one count of forcible oral copulation (Cal. Penal

Code § 288(c)(2)).  All of the counts involved the same victim.  The information also alleged a

prior conviction of sexual penetration with an age difference (Cal. Penal Code § 289(i), within

the meaning of §§ 667.51(a) and 667.6(a)).

---

[1]  Ken Clark, Warden, California Substance Abuse Treatment Facility and State Prison (SATF-CSP), Corcoran, is substituted for D.G. Adams.  Fed. R. Civ. P. 25(d).

Schoen was convicted after entering a negotiated plea of no contest to one count of aggravated sexual assault of a minor (Cal. Penal Code § 269(a)(1)).  On July 31, 2003, Schoen was sentenced to an indeterminate term of 15 years to life with the possibility of parole.

Schoen timely appealed the judgment of conviction to the California Court of Appeal, Third Appellate District, requesting the court to conduct an independent review of the record.[2] As a result of its review, the Third District Court of Appeal found that the trial court erroneously calculated conduct credit under Cal. Penal Code § 4019, modified the judgment to calculate such credit under Cal. Penal Code § 2933.1, and affirmed the judgment as modified.[3]  On February 4, 2004, Schoen filed a Petition for Writ of Habeas Corpus in the Sacramento County Superior Court, which was denied on March 19, 2004.[4]  On April 15, 2004, Schoen filed a Petition for Rehearing in the California Court of Appeal, which was summarily denied.[5]  On August 10, 2004, Schoen filed a Petition for Writ of Habeas Corpus with the California Court of Appeal, Third Appellate District, which was denied on August 12, 2004, without explanation or citation.[6] On September 27, 2004, Schoen filed a Petition for Writ of Habeas Corpus in the Supreme Court of the State of California.[7]  That petition was similarly denied without explanation or citation on August 10, 2005.[8]  Schoen timely filed his petition for relief in this Court on September 29, 2005.

## II.  GROUNDS PRESENTED/DEFENSES

In his petition Schoen raises three grounds:  (1) the state's violation of the terms of his plea bargain agreement infringed his right to due process; (2) ineffective assistance of trial counsel, and; (3) the application of Evidence Code § 1108 violated his right to Due Process.

---

[2]  Lodged Doc. 4.

[3]  2004 WL 729140.

[4]  Lodged Doc. 2.

[5]  Lodged Doc. 6.

[6]  Lodged Doc. 7.

[7]  Lodged Doc. 8.

[8]  Lodged Doc. 8.

Respondent asserts no affirmative defense;  however, Respondent expressly states that to the extent any claims are unexhausted, it does not waive the exhaustion requirement.[9]

### III.  STANDARD OF REVIEW

Because Schoen filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decisions of the California courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state courts rendered their decisions or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."[10]  As the Supreme Court has explained, "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[11]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[12]

When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[13]  The Supreme Court has made it clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[14]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of

---

[9]  *See* Rules—Section 2254 Cases, Rule 5(b).

[10]  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[11]  *Williams*, 529 U.S. at 412.

[12]  *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, ___, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[13]  *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks and citations omitted).

[14]  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[15]

In applying this standard, this Court reviews the last reasoned decision by the state court.[16]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[17]

## IV.  DISCUSSION

<u>Ground 1:</u>    <u>The State's Violation of the Terms of Schoen's Plea Bargain Agreement Infringed His Right to Due Process:</u>

When a prisoner is confined in a county jail following arrest and prior to the imposition of sentence for a felony conviction, he or she is entitled to good time/work credit calculated at the rate of two days for each four-day period in which he or she is confined, such that six days will be deemed to have been served for every four days spent in actual custody.  However, an exception to this rule applies when the conviction is for a "violent felony."  Under those circumstances, conduct credit is limited to 15 percent of the actual period of confinement.[18]  The definition of a "violent felony" includes any felony punishable by imprisonment in the state prison for life.[19]

Schoen was convicted of aggravated sexual assault on a child, an offense which is punishable by a prison term of 15 years to life.  Consequently, Schoen's conduct credit is statutorily limited to 15 percent of his actual period of confinement under the "violent felony" exception.  At Schoen's plea hearing, the trial court mistakenly stated that his conduct credit would be limited to 20 percent of his actual period of confinement.  The Third District Court of Appeal corrected the misstatement and held that state law required Schoen's conduct credit be limited to 15 percent of his actual confinement.

---

[15] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[16] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[17] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[18] Lodged Doc. 1, pp. 2-3.

[19] *Id.*

Schoen insists that the trial court's advisement that his conduct credit would be limited to 20 percent of his time served became part of his plea agreement with the prosecution. He further claims that the appellate court's subsequent determination that his conduct credit be limited to 15 percent of his time served constituted a violation of the terms of his plea agreement. Schoen argues that the state's violation of his plea bargain agreement infringed on his right to Due Process, and that he should be allowed to withdraw his plea.

Though Schoen's petition for habeas corpus relief to the California Superior Court did not raise this issue, the court subsequently granted Schoen leave to amend his petition to add it and then dismissed the claim. The court explained that it lacked jurisdiction because Schoen's appeal of the judgment in his underlying criminal case to the Third District Court of Appeal was still pending, and this exact issue had been presented in that appeal. After the Third District Court of Appeal determined that Schoen's conduct credit was limited to 15 percent, Schoen filed a petition for rehearing which was summarily denied. Schoen's subsequent habeas petitions to both the California Supreme Court and Third District Court of Appeal which raised this issue were both summarily denied.

To determine whether a plea agreement was violated, this Court must first determine the terms of the agreement.[20] "What the parties agreed to is a question of fact to be resolved by the [lower] court."[21] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[22] Schoen does not meet this burden.

In the present case, the Third District Court of Appeal specifically found that Schoen's plea agreement "did not set forth the amount of custody credits [the] defendant would receive or the calculation formula that the court would use."[23] The court went on to hold that "there is nothing in the record to suggest that the conduct credits the defendant would receive was part of

---

[20] See *McKenzie v. Risley*, 801 F.2d 1519, 1526 (9th Cir. 1986) (vacated in part on other grounds).

[21] *Id.*

[22] 28 U.S.C. § 2254(e)(1); *Cockrell*, 537 U.S. at 340.

[23] Lodged Doc. 1, p. 6.

defendant's agreement with the prosecution."[24]   Schoen has submitted no evidence to challenge this factual finding, and an independent review of the record by this Court reveals no such evidence.  Indeed, the record indicates that only after Schoen stated that he was intending to plead no contest and he understood the direct consequences of his plea did the court advise him on the issue of conduct credits.[25]   Accordingly, Schoen has failed to show, by clear and convincing evidence, that either Schoen or his counsel understood the plea agreement to address conduct credits.  Accordingly, any misstatement regarding conduct credits that the court may have made could not have amended the plea agreement with the prosecution.

 Schoen has not previously asserted that he was entitled to habeas relief due to mis-advisement by the trial court.  To the extent that Schoen's Petition to this Court can be construed to include a misadvisement claim, that claim has not been properly exhausted and is not properly before this Court.[26]   Nevertheless, this Court may dismiss a habeas application on the merits notwithstanding the applicant's failure to exhaust remedies in state court.[27]   The Third District Court of Appeal noted that, "[a]t most, the trial court had committed a *Bunnell* error in that it failed to properly advise defendant of the 'direct consequences of conviction such as the permissible range of punishment provided by statute."[28]   The court went on to hold that any such error was harmless because the defendant made no showing that he would not have entered the plea had the trial court given the proper advisement.

Where a petitioner claims his plea was involuntary based upon judicial misstatements he must show that if the law had been correctly described he would not have entered the plea.[29]   In the present case, Schoen's counsel stated that Schoen chose to enter a plea because of the

---

[24]  *Id.*

[25]  Lodged Doc. 10, pp. 1-7.

[26]  *See Duncan v. Henry*, 513 U.S. 364, 366 (holding that mere similarity of claims is insufficient to exhaust).

[27]  28 U.S.C. § 2254(b)(2).

[28]  Lodged Doc. 1, pp. 6-7.

[29]  *See Mabry v. Johnson*, 467 U.S. 504, 508–09 (1984); *see also Iowa v. Tovar*, 541 U.S. 77, 92 (2004).

MEMORANDUM DECISION
*Schoen v. Clark*, 2:05-cv-01973-JKS                    6

enormity of the sentence he was facing, if convicted.[30]  Additionally, the Third District Court of Appeal found that "[h]aving shaved hundreds of years off of his sentence, it is unreasonable to suppose defendant would not have entered his plea had he been properly advised that he would be limited to 15 percent, not 20 percent." Schoen has submitted no additional evidence to challenge this factual finding, and an independent review of the record by this Court reveals no such evidence.  To the extent that Schoen raises a misadvisement claim, it is without merit. Schoen is not entitled to relief on his first ground.

Ground 2:        Ineffective Assistance of Counsel:

        The allegations of ineffective assistance of counsel set out in Schoen's habeas petitions to the California state courts and to this Court, are identical:  trial counsel failed to challenge the prosecution's motion to introduce evidence of Schoen's prior sex offenses, failed to adequately investigate possible defenses, and wrongfully advised Schoen to waive a preliminary hearing.

        Given the summary denials by the California Supreme Court and Court of Appeal of Schoen's habeas petitions, this Court looks to the reasoned decision of the Superior Court to determine whether its decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

        In its order denying Schoen's habeas petition, the Superior Court noted as an initial matter that Schoen's appeal of his conviction was pending in the Third District Court of Appeal when he filed his habeas petition in the Superior Court.  The court therefore lacked authority to discharge Schoen through habeas proceedings, for any "error, defect, or other infirmity" as to matters that may properly have been presented to the Court of Appeal.  To the extent Schoen's claim of ineffective assistance of counsel was based on matters outside the record, however, the court did have jurisdiction to entertain the claim.  Ultimately the court reasoned that the claim was without merit.

---

        [30]  Lodged Doc. 10, p. 2.

MEMORANDUM DECISION
*Schoen v. Clark*, 2:05-cv-01973-JKS                              7

Under *Strickland v. Washington*[31], to demonstrate ineffective assistance of counsel, Schoen must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[32]  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[33]  Schoen must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[34]  In evaluating an ineffective assistance of counsel claim, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[35]  *Strickland* and its progeny do not mandate this Court act as a "Monday morning quarterback" in reviewing tactical decisions.[36]  Indeed, the Supreme Court admonished in *Strickland*:[37]

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case.  Even

---

[31]  466 U.S. 668 (1984)

[32]  *Strickland*, 466 U.S. at 687.

[33]  *Id*.

[34]  *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[35]  *Strickland*, 466 U.S. at 697.

[36]  *See Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

[37]  466 U.S. at 689 (internal citations and quotation marks omitted).

the best criminal defense attorneys would not defend a particular client in the
same way.

This Court must therefore determine whether the California Superior Court's order denying
Schoen's petition for writ of habeas corpus was contrary to or constituted an unreasonable
application of *Strickland*.

Petitioner claims that trial counsel "ostensibly capitulated" to the state's *in limine* motion
to allow evidence of prior sexual acts.  First, petitioner's allegations are conclusory.[38]  He fails to
set out with specificity what could have been argued or introduced by trial counsel to
successfully challenge the introduction of prior sexual misconduct or refute the allegations.
Second, as the Respondent correctly points out, the state's *in limine* motion was dated and filed
the same day that Schoen entered his no contest plea.  Thus, opposing the motion was
unnecessary.  Opposition to the motion may well have been futile in any event.  As the court
reasoned in its order denying Schoen's habeas petition:  "The prosecutor's moving papers in the
underlying case seeking admission of Evid. Code § 1108 evidence asserted facts showing
sufficient similarity in perpetration, motive, and opportunity, so as to allow admission of the
evidence for propensity purposes as well as to show modus operandi, motive, and opportunity."[39]
Moreover, relevant case law establishes that the failure of counsel to file frivolous pleadings does
not amount to ineffective assistance of counsel.[40]  Finally, even if Schoen had shown that
counsel's performance was deficient, he must also satisfy the second prong of *Strickland* by
showing that but for counsel's deficiencies, the result would have been different.  Schoen has not
made this showing.  As the Superior Court stated:

> Nor does petitioner show that even without Evid. Code § 1108 other sex offense
> evidence, that he would not have entered his plea of nolo contendere, in the face

---

[38]  *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not
supported by a statement of specific facts do not warrant habeas relief.").

[39]  Superior Court's order denying Petition for Writ of Habeas Corpus; lodged doc. 2.

[40]  *James*, 24 F. 3d at 27 (counsel was not ineffective for failing to raise motion that would have
been futile); *Morrison v. Estelle*, 981 F.32d 425. 429 (9th Cir. 1992) (counsel not ineffective for failing
to make futile objections).

MEMORANDUM DECISION
*Schoen v. Clark*, 2:05-cv-01973-JKS                    9

of a potential 150-years-to-life sentence on just the first 10 counts alone, and in the face of his admission of at least partial guilt in a pretext call with the victim.[41]

Schoen further claims that trial counsel failed to "investigate[] the case sufficiently" and "refused to explore potentially viable avenues of refuting the allegations of which petitioner [was] convicted."  Specifically, Schoen contends that after his conviction for sexual crimes in 1994 he saw a mental health professional for sex-offender treatment and believes that the professional would have testified favorably on his behalf.  Schoen also argued that the victim was a liar who had been in counseling for years.  Schoen contends that her counselors should have been called to testify that she had a history of making things up.  However, Schoen has failed to submit a favorable affidavit from either his mental health professional or the victim's counselors in support of these contentions.

Beyond making bare allegations, Schoen fails to provide meaningful evidence in support of:  (1) any potential defenses that a "sufficient" investigation would have uncovered, (2) the "potentially [exculpatory] viable avenues" that Schoen alleges counsel refused to explore; and (3) discovery that counsel allegedly did not obtain.  Consequently, the alleged insufficiency of counsel's investigation and any prejudice suffered by Schoen as a result are unclear.  The Superior Court was equally unpersuaded:

> Nor does petitioner set forth, and support with reasonably available documentary evidence, what evidence counsel would have uncovered, had counsel fully investigated the case, that would have given him a greater chance of acquittal such that he would not have chosen to enter his no contest plea, in light of the potential sentence he faced and the strength of the evidence against him.

In short, Schoen has failed to demonstrate, as required by *Strickland*, that his counsel's performance was deficient, and that the deficient performance prejudiced his defense.

Finally, Schoen claims that trial counsel wrongfully advised him to waive a preliminary hearing.  As noted above, because it is "too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court . . . to conclude that a particular act or omission of counsel was unreasonable," in evaluating claims of ineffective assistance of counsel, this Court's scrutiny of counsel's performance must be highly deferential.

---

[41]  Superior Court's order denying Petition for Writ of Habeas Corpus; Lodged Doc. 2.

Additionally, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  Schoen has not met his burden in this regard.  His allegations are, once again, conclusory.  Schoen offers no explanation as to what counsel would have introduced or argued at such a hearing that would have made a difference in his ultimate decision to plead no contest to the one count of aggravated sexual assault of a minor.  In the absence of any evidence to the contrary, and viewing counsel's performance through the highly deferential lens required by *Strickland*, this Court cannot say that counsel's advice to Schoen to waive his rights to a preliminary hearing constitutes ineffective assistance of counsel.

In short, Schoen has failed to demonstrate that counsel's performance was deficient or that, if deficient, the deficient performance prejudiced his defense by rendering his plea involuntary.[42]  Accordingly, this Court cannot say that the decision of the Superior Court of the State of California was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Schoen is not entitled to relief under his second ground.

Ground 3:          Application of Evidence Code § 1108 Violated Schoen's Right to Due Process:

In his habeas petitions to this Court and to the California state courts, Schoen argues as Ground 3 that the use of California Evidence Code section 1108 violated his right to due process "by permitting the proposed introduction of uncharged prior sexual offense evidence as evidence of the predisposition to commit the current offense."  He asserts that section 1108 is unconstitutional on its face, and further, that the threat that such evidence would be admitted convinced him to plead no contest and was thus tantamount to coercion.

---

[42] The Supreme Court has held:  "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances-even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (emphasis in original).

MEMORANDUM DECISION
*Schoen v. Clark*, 2:05-cv-01973-JKS                          11

As noted above, the California Court of Appeal and California Supreme Court summarily denied Schoen's habeas petitions.  In evaluating whether the decisions of the state courts were contrary to or constituted an unreasonable application of clearly-established Supreme Court precedent, this Court "looks through" summary decisions to the last reasoned decision—here, that of the California Superior Court.[43]

In denying his petition, the California Superior Court addressed Schoen's arguments as to the alleged unconstitutionality and inadmissibility of section 1108 evidence.  The court addressed those arguments, however, in the context of Schoen's claim of ineffective assistance of counsel, and not in the context of an alleged violation of Schoen's due process rights.  When there is no state court decision denying on the merits an issue presented to the state court and raised in a federal habeas petition, this Court must assume that the state court decided on the merits all of the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[44]  This Court reviews the state court's ruling on the petition for clear error:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams*. . . . .  Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[45]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[46]  This Court examines the merits of the petition through that lens.

As an initial matter, this Court notes that while Schoen argues that it was the *threat* of the use of such evidence that persuaded him to accept the plea and that without such threat he would

---

[43] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[44] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[45] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[46] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

never have pleaded no contest, the evidence was never formally admitted.  The state's motion *in limine* was dated and filed *the same day* that Schoen entered his plea.  How Schoen could have felt threatened by a motion that had yet to be opposed, replied to, and ruled on is unclear.  Even if the court had ruled that the evidence was admissible, however, that would not provide Schoen grounds for habeas corpus relief.  In our federal system, it is a fundamental principle that "a state court's interpretation of state law binds a federal court sitting in habeas corpus."[47]  Inquiry into whether evidence was properly admitted pursuant to state law is "no part of a federal court's habeas review of a state conviction."  Simply stated, "federal habeas corpus relief does not lie for errors of state law."[48]

Schoen's argument that the use of California Evidence Code section 1108 violated his right to due process is unavailing in any event.  This Court cannot grant relief unless the California state court's decision was "contrary to, or involved an unreasonable application of, *clearly established Federal law*, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."[49]  "[C]learly established federal law" refers to the holdings of the Supreme Court.[50]  Thus, a petitioner may not transform a state-law issue into a federal one simply by asserting a violation of due process.[51]  Only where the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment may a federal court issue a habeas writ based upon a perceived error of state law.[52]

---

[47]  *Bradshaw v. Richey,* 546 U.S. 74, 76, (2005); *see also West v. AT & T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law. . . .").

[48]  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations and internal quotation marks omitted).

[49]  28 U.S.C. § 2254(d) (emphasis added); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[50]  *Williams*, 529 U.S. at 412 ("[C]learly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision.").

[51]  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[52]  *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

California Evidence Code §1108 is virtually identical to Federal Rule of Evidence 414.[53] Additionally, California Evidence Code § 352 is similar to Federal Rules of Evidence 402 and 403.[54] In *United States v. LeMay*[55] the Ninth Circuit rejected the argument that admitting evidence pursuant to Rule 414 to prove propensity in sex crime cases violated due process. This Court acknowledges that *Garceau v. Woodford*[56] held that use of prior bad acts to prove propensity did violate due process. However, later decisions of the Ninth Circuit have made it clear that *Garceau* was decided under pre-AEDPA law and that, thereafter, this Court may not rely upon circuit authority to reverse a state court decision in the absence of Supreme Court authority.[57]

The Supreme Court has expressly declined to address whether a state law which allows the admission of prior crimes to prove propensity to commit a charged crime violates the Due Process Clause.[58] Where Supreme Court holdings regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[59]

Accordingly, because this Court cannot say that the decision of the California Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court

---

[53] *See Mejia v. Garcia*, 543 F.3d 1036, 1047 n.5 (9th Cir. 2008) (noting that California Evidence Code Section 1108 is similar to Federal Rule of Evidence 414 and Section 352 is similar to Federal Rules of Evidence 402 and 403).

[54] *Id.*

[55] 260 F.3d 1018 (9th Cir. 2001) (proper application of Rule 403 assures that propensity evidence will not be allowed to lead to convictions in violation of due process).

[56] 275 F.3d 769 (9th Cir. 2001) (rev'd on other grounds sub nom *Garceau v. Woodford*, 538 U.S. 202 (2003)).

[57] *See* Mejia, 534 F.3d at 1046-47; *see also Alberni v. McDaniel*, 458 F.3d 860 (9th Cir. 2006).

[58] *Estelle v. McGuire*, 502 U.S. at 75, n.5 ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime.").

[59] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, ___, 128 S. Ct. 743, 746-47 (2008) (per curiam).

MEMORANDUM DECISION
*Schoen v. Clark*, 2:05-cv-01973-JKS                    14

rendered its decision or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Schoen is not entitled to relief under his third ground.

### V.  CONCLUSION and ORDER

Schoen is not entitled to relief under any ground raised in the petition.  Accordingly,

**IT IS HEREBY ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[60]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter judgment accordingly.

Dated: September 29th, 2009.

_____/s/ James K. Singleton, Jr._____
JAMES K. SINGLETON, JR.
United States District Judge

---

[60]  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).